IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA SHINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-00560-D-BN |
| | § | |
| UPLIFT ACADEMY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jessica Shine filed a *pro se* complaint appearing to allege claims for race discrimination, disparate treatment, hostile work environment, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. *See* Dkt. No. 3 at 2-13.

Senior United States District Judge Sidney A. Fitzwater referred Shines's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Shine filed an application to proceed in forma pauperis ("IFP"). *See* Dkt. No. 4. But the Court issued an order noting deficiencies in the IFP motion and ordering Shine to file an amended motion. *See* Dkt. No. 6.

On April 15, 2026, Shine moved for a temporary restraining order ("TRO") requesting that the Court order that Defendant "immediately reinstate Plaintiff's employer-provided health insurance coverage or, . . .pay for or reimburse the cost of Plaintiff's necessary medical care." *See* Dkt. No. 8. at 2.

- 1 -

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for a temporary restraining order without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1).

## Discussion

Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) [her] threatened injury outweighs the threatened harm to the party whom [she] seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," so "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

As to the TRO request, "[a]t this time, no Defendant has been served; as such, this is an ex parte application for a TRO." *Holloway v. Polk*, No. 4:25-cv-1128-P, 2025 WL 3209686, at *1 (N.D. Tex. Oct. 14, 2025) (citing FED. R. CIV. P. 65(b)(1)), finding rec. mooted, 2025 WL 2970126 (N.D. Tex. Oct. 21, 2025). And, for an *ex parte* TRO, the applicant must also meet the requirements of Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Shine's allegations do not establish the type of immediate, time-sensitive emergency required for *ex parte* relief under Rule 65(b). Although she describes serious medical conditions and a lack of access to care, her own allegations reflect an ongoing situation stemming from events that occurred months earlier, rather than a sudden or imminent change requiring relief before the opposing party can be heard. *See* Dkt. No. 8 at 1-2.

Courts routinely deny *ex parte* relief where the asserted harm, while significant, is not so immediate that notice and an opportunity to respond would precipitate the injury. *See* C*lark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Shine has not shown that any alleged harm will occur in the brief period necessary to permit notice to Defendant and adversarial briefing.

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of State of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief [s]he seeks" through her claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021)

("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

Shine cannot simply sidestep the Court's normal course of consideration by filing a TRO and expect a ruling on the merits. *See Martinez v. Mathews*, 544 F.2d 1233, 1235 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." (cleaned up)).

Shine also asserts that she attempted to provide notice to Defendant via electronic mail, she does not certify with specificity the efforts made to give notice, when such efforts occurred, or why notice should not be required before a temporary restraining order is issued, as required by Rule 65(b)(1)(B).

Having failed to show "irreparable harm" and satisfy the requirements of Rule 65(b)(1), and because the relief sought would effectively grant merits-based relief rather than preserve the status quo, Shine's motion for a temporary restraining order should be denied.

### Recommendation

The Court should deny Shine's motion seeking an *ex parte* temporary restraining order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 16, 2026.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

.